
USCA1 Opinion

	




       [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-1458

               DAVID S. PORTER AND CAROL A. PORTER,

                     Plaintiffs, Appellants,

                                v.

                    KEVIN M. HARTIGAN, ET AL.,

                      Defendants, Appellees.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF MASSACHUSETTS

         [Hon. Edward F. Harrington, U.S. District Judge]



                              Before

                     Boudin, Circuit Judge,
                Campbell, Senior Circuit Judge,
                   and Lynch, Circuit Judge.
                                
                                
                                
                                
     David S. Porter and Carol A. Porter on brief pro se.
     Philip X. Murray on brief for appellees.





August 30, 1999



                                
                                
  
  
           Per Curiam.  We have considered the parties' briefs
 and the record on appeal.  We review the grant of summary
 judgment de novo, using the same standard as required of the
 district court.  Catex Vitol Gas, Inc. v. Wolfe, 178 F.3d 572,
 576 (1st Cir. 1999).
           The defendants are not liable under 42 U.S.C.  1983
 because the state statute authorizing the attachment has not
 been found unconstitutional.  See Lugar v. Edmondson Oil Co.,
 457 U.S. 922 (1982) (holding that private parties who attached
 a debtor's assets pursuant to a state attachment statute were
 subject to  1983 liability if the statute was constitutionally
 infirm); Digital Equipment Corp. v. Currie Enterprises, 142
 F.R.D. 16, 26 (D. Mass. 1992) (finding the state attachment
 statute constitutional).  The lack of viability of the only
 federally-based claim supports the dismissal of the remaining
 state-based claims.  Brennan v. Hendrigan, 888 F.2d 189, 196
 (1st Cir. 1989).
           Further, the appellants have not persuaded us that
 there was either error or abuse of discretion in the district
 court's refusal to amend the order dismissing the defendant
 Beatrice from the case.
           Affirmed.

